IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN NEGRETE-RAMIREZ,

    Petitioner,

v.                                                                       No. 1:25-cv-01227-KWR-JMR

KRISTI NOEM, *in her official capacity as Secretary*
*of the United States Department of Homeland Security*,
PAM BONDI, *in her official capacity as United States Attorney General*,
TODD LYONS, *in his official capacity as Director of*
*United States Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director for*
*Detention and Removal, U.S. Immigration and Customs Enforcement*,
DORA CASTRO, *Warden, Otero County Processing Center*,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner's Writ of Habeas Corpus (**Doc. 1**), Petitioner's Motion for Preliminary Injunction (**Doc. 2**), and Respondents' Motion to Dismiss (**Doc. 7**). Having reviewed the Petition, briefings, exhibits, and relevant law, the Court finds that it lacks jurisdiction under 8 U.S.C. § 1252(b)(9). Accordingly, the Petition and Petitioner's Motion are **DENIED**. Respondents' Motion is **GRANTED**.

### BACKGROUND

Petitioner Juan Negrete-Ramirez has resided in the United States for approximately 21 years. **Doc. 1 ¶ 13**. In 2018, the United States Department of Homeland Security ("DHS") initiated removal proceedings. **Id. ¶ 13**. An immigration judge ("IJ") ordered Petitioner removed

to Mexico, and Petitioner filed an application for cancellation of removal in July 2018. **Doc. 1-1 at 3** (IJ Cancellation of Removal Decision).

On or about March 1, 2025, DHS Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody in Las Vegas, Nevada, and began deportation proceedings. **Doc. 1 ¶ 14.** An IJ denied Petitioner's custody redetermination request on March 31, 2025, and Petitioner was transferred to the Otero County Processing Center in New Mexico soon after. **Doc. 7-1** (IJ Custody Redetermination Order); **Doc. 1-1 at 19** (ICE Notice of Transfer). On August 11, 2025, an IJ held a merits hearing on Petitioner's application for cancellation of removal. **Doc. 1 ¶ 17; Doc. 1-1**. Pursuant to 8 U.S.C. § 1229b(b)(1), the IJ granted Petitioner's application. *See* **Doc. 1 ¶ 17; Doc. 1-1 at 12**. DHS reserved its right to appeal, and the IJ gave DHS a deadline of September 10, 2025, to file its appeal. **Doc. 1 ¶ 17**. On the deadline date, DHS filed its notice of appeal, which was rejected due to an issue with the notice's certificate of service. *Id.* **¶ 18**. The following day, on September 11, 2025, DHS filed a corrected notice and a motion to accept an untimely appeal. *Id.* **¶ 18**. BIA accepted it as timely despite Petitioner's objection. *Id.*

On December 10, 2025, Petitioner sought habeas relief, pursuant to 28 U.S.C. § 2241, **Doc. 1**, and a preliminary injunction, **Doc. 2**, to release him from ICE custody. Respondents filed a motion to dismiss Petitioner's claims. **Doc. 7**.

## LEGAL STANDARDS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. Section 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality

of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction may include challenges by noncitizens in immigration-related matters. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003)).

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019) (quoting *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019)). To obtain a preliminary injunction, a petitioner must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

However, as a threshold matter, a district court must have subject-matter jurisdiction over a petitioner's claims, and the court has an obligation to raise a jurisdictional issue *sua sponte*. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party asserting jurisdiction has the burden of establishing that subject-matter jurisdiction exists. *Id.* A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.*

## DISCUSSION

Petitioner's claims rest solely on the BIA's decision to accept the September 11 notice of appeal as timely during his removal proceedings. First, Petitioner requests that the Court grant habeas relief because the BIA failed to enforce its own appellate procedure against DHS—a

procedure Petitioner claims that it strictly enforces against noncitizens—resulting in his continued detention.  **Doc. 1 ¶ 17–18**; **Doc. 9 at 3**.  Because this action violated 8 U.S.C. § 1226 and his Fifth Amendment right to due process, Petitioner seeks declaratory relief and release from custody, as well as costs and attorney's fees.  **Doc. 1 at 7**.  Second, Petitioner requests that the Court issue a preliminary injunction that releases him from custody because his detention became unlawful after DHS failed to meet the deadline to appeal the cancellation of his removal.  **Doc. 2 at 1–2**.

Meanwhile, Respondents request that the Court dismiss Petitioner's claims because the Court lacks jurisdiction under § 1226(e).  **Doc. 7 at 6**.  Further, Respondents contend that the Petition and Motion must be dismissed because Petitioner has failed to exhaust administrative remedies, Petitioner does not state a claim upon which relief may be granted, and Respondents have not violated statutory law or Petitioner's constitutional rights.  *Id.* **at 7–8**.  Petitioner disagrees with Respondents' arguments.  **Doc. 9**.

For the reasons stated below, the Court finds it lacks subject-matter jurisdiction to consider Petitioner's claims.  Although the Court agrees with Petitioner that his claims do not fall under § 1226(e), the Court finds *sua sponte* that § 1252(b)(9) strips the Court of subject-matter jurisdiction.  Accordingly, the Petition and Motion will be denied.

A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  Section 2241(c)(3).  "[W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear."  *Demore*, 538 U.S. at 517.  To preclude habeas review, Congress must be "particularly clear" in its intent to do so.  *Id.*

Courts do not have jurisdiction to consider certain immigration-related matters.  Relevant here is § 1252(b)(9), a "general jurisdictional limitation" and "unmistakable 'zipper' clause," that

4

"channels review of all decisions and actions leading up to or consequent upon final orders of deportation in the courts of appeal, following issuance of an order of removal." *Mukantagara v. DHS*, 67 F.4th 1113, 1115 (10th Cir. 2023) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–85 (1999)) (citation modified).

Section 1252(b)(9) states that "judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." It clearly prevents jurisdiction, by habeas corpus or otherwise, "to review such an order or such questions of law or fact" unless otherwise provided. Section 1252(b)(9). However, this zipper clause does not extend broadly "to cut off claims that have a tangential relationship with pending removal proceedings." *Mukantagara*, 67 F.4th at 1116 (quoting *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1257 (11th Cir. 2020)). Rather, the narrow provision channels actions related to removal claims into a single petition for review. *See id.* ("A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings.").

Here, Petitioner frames his claim as a challenge to his detention, which may not necessarily preclude the Court of jurisdiction to hear his claims. *See Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018) (plurality opinion). But, in fact, Petitioner is challenging his removal proceedings, not his detention. He is not challenging his mandatory detention under §§ 1225 or 1226. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (stating that habeas corpus proceeding under § 2241 is appropriate for challenge to mandatory detention). He is not seeking a bond hearing. *See* **Doc. 9 at 2**; **Doc. 7 at 8** (noting that Petitioner has not filed a custody redetermination request since cancellation of removal order). He is not challenging a decision that triggered removal proceedings. *See Mukantagara*, 67 F.4th at 1116 (holding that challenge to decision to

terminate refugee status, which triggered removal proceedings, did not fall within the scope of § 1252(b)(9)). And he is not challenging the result of a process separate from removal proceedings. *See Canal A Media Holding, LLC*, 964 F.3d at 1253, 1257 (holding that challenge to denial of I-129 petition, not removal proceedings, did not fall within the scope of § 1252(b)(9)).

Rather, Petitioner challenges his detention because the BIA accepted DHS's appeal of his removal cancellation as timely, which allowed removal proceedings to continue. Although Petitioner seeks release from detention, his claims are grounded in his removal proceedings. And Petitioner's claims are intertwined with his removal proceedings—addressing them would determine whether Petitioner could be lawfully removed. For these reasons, the Court finds that Petitioner's claims fall within the narrow scope of § 1252(b)(9).

Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claims. Petitioner's remedy is before the immigration court and then in a petition for review in a court of appeals. *See* § 1252(b)(2); *see also Khalil v. President, United States*, 164 F.4th 259, 276 (3d Cir. 2026) (determining that petitioner could litigate his constitutionality challenges after final order of removal because final order's validity would be contingent on a policy challenged by petitioner). Petitioner's claims are dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus and Motion for Preliminary Injunction are hereby **DENIED** for reasons described in this Memorandum Opinion and Order. Respondents' Motion to Dismiss is **GRANTED**.

                                                        /S/
                                          KEA W. RIGGS
                                          UNITED STATES DISTRICT JUDGE